IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE No.: 19-04647 (ESL) |
|---|---|
| **RAMONA DEL VALLE BURGOS** | CHAPTER 13 |
| Debtor | |
| FIRSTBANK PUERTO RICO | (X) 28 U.S.C. §7004(h), on *Service on Contested Matters* |
| Movant | |

## MOTION TO QUASH DEBTOR's INTENT TO PAY VALUE OF COLLATERAL FOR LACK OF COMPLIANCE WITH DUE PROCESS OF LAW

TO THE HONORABLE COURT:

Comes now as **FIRSTBANK Puerto Rico**, a domestic corporation appearing through the undersigned attorney, and brings this motion under Bankruptcy Rule 7004(h) **_without submitting to the jurisdiction of this Honorable Court_** and respectfully alleges as follows:

1. Movant is a domestic corporation and an insured depository institution pursuant to section 3 of the Federal Deposit Insurance Corporation Act. It is also the creditor and the party against whom a relief is seek.

2. Debtor filed a bankruptcy petition under Chapter 13 of Title 11 on August 16, 2019 pursuant to the provisions of 11 U.S.C. §1301 *et seq.* Section 3.2 of its proposed plan dated August 16, 2019 (docket no. 4) filed by Debtor using PR's "G" form establishes its interest for the Court *"to determine the value of the secured listed below"*, which is Firstbank' secured claim no. 2.

3. Bankruptcy Rule 1001, states "the Bankruptcy Rules and Forms govern in cases under Title 11 of the United States Code. .... These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FRBP 1001.

4. Bankruptcy Rule 7004(h), states as follows with respect to SERVICE OF PROCESS ON AN INSURED DEPOSITORY INSTITUTION:

   "Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Corporation Act), IN A CONTESTED MATTER OR ADVERSARY PROCEEDING SHALL BE MADE BY CERTIFIED MAIL ADDRESS TO AN

"OFFICER" OF THE INSTITUTION UNLESS the —

(1) Institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

(2) Court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

(3) Institution has waived in writing its entitlement to service by certified mail by designating an "officer" to receive service." (emphasis supplied)

5. The term "officer" as defined within the Federal Deposit Insurance Corporation Act is framed within and limited under section 303.101 (b) of Definitions as "Senior Executive Officer", meaning the person who holds the title of president, chief executive officer, chief operating officer, or without any regard to title and salary, or compensation, performs the function of one or more of these positions. Senior executive officer also includes any other person identified by the FDIC [as mentioned here-in-before within this same definition (emphasis added)], whether or not hired as an employee, with significant influence over, or who participates in, mayor police making procedures decisions of the state non-member bank. *Federal Deposit Insurance Act §303.101, (AGCY-ISS, Bank -Exp §67-371) Officers*

6. Accordingly, the term «officer», has been defined on the Black's Law Dictionary, under its revised edition, as it follows: - An "officer" is distinguished from an "employee" in the greater importance, dignity, and independence of his position, in requirement of oath, bond, more during tenure and fact of duties being prescribed by law. *Bowden vs. Cumberland County, 123 Me. 359, 123 A. 166, 169; McClendon vs. Board of Health of City Hot Springs, 141 Ark. 114, 216 S. W. 289, 290; Jefferson County vs. Case, 244 Ala. 56, 12 So. 2nd 343, 346. Black's Law Dictionary, St. Paul. Minn. West Publishing Co.*

7. Likewise, the term «officer», has been defined on the Barron's Law Dictionary, under its revised edition, as it follows: - An "officer" is a person with authority of a particular position or office. An «officer» may be either public or private in that the office he occupies may or not be invested with public trust. The term is often used to designate corporate personnel who are appointed by directors and are charged with the duty of managing the day-to-day affairs of the corporation. The term embraces the idea of tenure, duration, emoluments, and duties, the latter

being continuing and permanent and not occasional or temporary, 99 U.S. 508, and in light of those characteristics is distinguished from an "employee". *Barron's Law Dictionary, by Steven H. Gifis, Associate Professor of Law, Rutgers, The State University of New Jersey, School of Law, Newark.*

8. The Bankruptcy Reform Act of 1994, Publ. L. No. 1030194, enacted into law on October 22, 1994, amended Rule 7004 by adding an independent subsection (h), [aside from subsections (a) regarding service in persona, or (b) regarding service by first class mail, and any numbered subdivisions within the subsections mentioned before; and <u>clearly distinguishes and specifically establishes the requirements on service of process on "insured depository institutions"</u>. Thus, where an insured depository institution, as defined in section 3 of the Federal Deposit Institutions Insurance Act, is to be serviced in a contested matter or adversary proceeding, Debtor must comply with Rule 7004(h). Service process under a contested matter must be made by certified mail address to an "officer" of the Bank; or, where the institution has appeared by its attorney, in which case <u>the attorney shall be served by first class mail</u>. Thus, were the undersigned attorney has not filed a notice of appearance; creditor was not given adequate notice of contested matter brought against it, under the Bankruptcy Rules. Even receipt of actual notice does not remedy technically defective service through which the Court fails to obtain personal jurisdiction. *In Re Van Meter, 175 BR 64 (9th Cir. B.A.P. 1994).*

9. <u>Rule 7004(h) added as part of the Bankruptcy Act of 1994, Pul. L. No. 103-194, was enacted on October 22, 1994, and became effective in cases commenced on or after the date of its enactment.</u> *Colliers on Bankruptcy §7004.09 (footnote 1).* Thus, the bill became effective on the date it was enacted, and it governs the way in which insured depository institutions shall be serviced in a contested or adversary proceeding on cases filed thereafter, as in the case at bar.

10. <u>Although section 3.2 of the plan dated August 16, 2019 (docket no. 4) establishes Debtor's interest for the court *"to determine the value of the secured listed below"*, which is Firstbank's claim no. 2. However, as of today no service has been provided, under Rule 7004(h) which specifically provides that service to an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Corporation Act) in a contested matter or adversary proceeding shall be made by certified addressed to an officer of the institution; unless, the</u>

institution has appeared by its attorney, in which case the attorney shall be served by first class mail. The Chapter 13 Trustee is required to be diligent in making service process. And, service of process must comply with technical requirements, as well as with due process considerations of fair play and substantial justice. Receipt of actual notice does not remedy defective service through which the Court fails to obtain personal jurisdiction. *In Re Jorob, 54 BR 693 (Bkcy. 1995), In re Van Metter, supra*

11. Rule 7004(h) was added as part of the Bankruptcy Reform Act of 1994. It requires that service of process on an insure depository institution in adversary proceedings or contested matters be made by "certified mail", rather than by ordinary mail address to an "officer" of the institution. If the institution has appeared by its attorney, however, it is sufficient if the attorney is served by first class mail. The institution may waive in writing "the requirement of certified mail service" by designating an "officer" to receive service. *Colliers' on Bankruptcy §774.09*.

12. Fairness of procedure is "due process in the primary sense". *Brinkerhoff - Faris Co. vs. Hill, 281 U.S. 673*. It is ingrained in our national traditions and is designed to maintain them. The requirement of "due process" is not a fair-weather or timid assurance. It must be respected in periods of calm and in times of trouble.... It cannot be imprisoned within the treacherous limits of any formula. Representing a profound attitude of fairness between man and man, and more particularly between the individual and the government, "due process" is compounded of history, reason, the past course of decisions, and stout confidence in the strength of the democratic faith, which we profess. It is not a yardstick. It is a process. It is a delicate process of adjustment inescapably involving the exercise of judgment by those whom the Constitution entrusted with the unfolding of the process. *Anti-Fascist Committee vs. McGrath, 341 U.S. 123*.

13. The notion of procedural due process generally requires that an individual be given notice and an opportunity for a hearing when significant "due process rights" are "implicated". There is a two-step process for determining whether a due process right is implicated. The primary step is to establish that a property or liberty interest, within the protection of the Fifth Amendment, is threatened. Once either of these interests is found to exist, the due process safeguards will attach. The second step requires the balancing of the interest involve; to determine what kind of notice and hearing will satisfy the requirements of the Due Process

Clause.

14. A property interest which would invoke the protection of the Due Process Clause "results from a legitimate claim of entitlement created and defined by an independent source such as state or federal law". *Russel vs. Landrieu, 621 F.2d 1037 (9th Cir. 1980) Pub. L. No. 103-194*, enacted on October 22, 1994, which became effective in cases commenced on or after the date of its enactment, entitled FIRSTBANK Puerto Rico with the right to be served accordingly with the rules establish under Rule 7004(h), as added as part of the Bankruptcy Act of 1994. And, were the matters at hand involved a court action which may give rise to affect the value of a claim, [as defined under 11 U.S.C. §101 (41) (emphasis added)], obviously it implicates a due process property interest.

15. The second step is to determine what procedural safeguards must be provided to satisfy the requirements of the Due Process Clause. On the subject of procedural due process, it has been stated: "procedural due process mandated that the litigant receive notice and have opportunity to be heard". *16 AMJr.2d.* Constitutional law §827 Lack of jurisdiction is and continues to be a defence to execution, and lack of service of the complaint will serve as a basis for asserting that the Court lacked jurisdiction. *In re Horob, supra; In re Van Meter, 175 BR 64 (9th Cir. B.A.P 1994), Windsor Communications Group, Inc., vs. Grant, 75 BR 713 (E. D. Pa 1985); In Re Value, 53 BR 549 (Bkcy. 1985).*

16. Furthermore, when service on an insured depository institution in a contested matter is to be performed, it shall be made by certified mail and must be address directly to the "president" or other "officer" of the Corporation by name. *In Re Jaan and Schoon, 153 BR 98 (B.CT.N.D. Cal. 1993).*

17. Debtor's lack of compliance with Bankruptcy Rules 7001 and 7004(h) violates the procedural aspect of the *due process* clause, since creditor Firstbank PR might be deprived of part of its secured claim without the required process at the Bankruptcy Court.

**ALLEGATIONS:**

18. Being an insured depository institution, Firstbank PR must be served through certified addressed to an officer of the institution, as required by Rule 7004 (h), since none of the exceptions have met: the only appearance of an attorney on behalf of creditor has been this

motion, in which creditor expressly did not submit to the jurisdiction of this Honorable Court and the institution has not waived in writing its entitlement to service by certified mail by designating an officer to receive service.

19. <u>Firstbank PR has not waived in writing its entitlement to be served by certified mail to an "officer of the institution". Neither has Firstbank PR designated another "officer" to be service on bankruptcies complaints, cases or matters related to Federal Rule No. 7004(h) of Bankruptcy Procedure.</u>

20. <u>In the absence of appearance of the attorney designated by the FDIC banking institution all and any contested matter or adversary proceeding should be notified to the attention of the President and CEO of the FDIC banking institution in compliance with Bankruptcy Rule.</u>

21. <u>Debtor failed to provide evidence of due service to secured creditor Firstbank PR pursuant to Federal Rule 7004(h) of Bankruptcy Procedure, since notice should have been made **through certified mail** to Mr. Aurelio Alemán, CEO and President of Firstbank PR.</u>

22. <u>Firstbank PR files this motion in a promptly and diligent attempt to defend its rights.</u>

WHEREFORE and for the above stated reasons, Movant respectfully requests from this Honorable Court to deny Debtor's intent to pay Firstbank's claim up to the value of its collateral through the plan dated August 16, 2019 (docket no. 4).

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Rule 9013-1 (h).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of September, 2019.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and correct copy of the present motion was sent to the authorized address on, and by the CM/ECF system to: the creditors as listed, to

Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, to Roberto Figueroa Carrasquillo, Esq., counsel for the debtor, and to the Debtor to its address on record: P.O. Box 375412, Cayey, P.R. 00737, as per the attached *List of Creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA - USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
**maricarmen.colon@firstbankpr.com**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-04647-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Tue Sep 10 15:06:46 AST 2019 | ORIENTAL BANK CCU<br>CCU BANKRUPTCY DEPARTMENT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| Autoridad de Energia Electrica<br>PO Box 363508<br>San Juan, PR 00936-3508 | Citi<br>PO Box 6190<br>Sioux Falls, SD 57117-6190 | Citi<br>PO Box 6217<br>Sioux Falls, SD 57117-6217 |
| Coop A/C La Cidrena<br>PO Box 1490<br>Cidra, PR 00739-1490 | FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION (CODE 248)<br>PO BOX 9146, SAN JUAN, PR 00908-0146 | Firstbank Puerto Rico<br>PO Box 11856<br>San Juan, PR 00910-3856 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | ORIENTAL BANK<br>BANKRUPTCY DEPT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | Sears/Cbna<br>PO Box 6217<br>Sioux Falls, SD 57117-6217 |
| Syncb/ccppby<br>C/o<br>PO Box 965036<br>Orlando, FL 32896-5036 | Syncb/jcp<br>PO Box 965007<br>Orlando, FL 32896-5007 | Syncb/oldnav<br>PO Box 965005<br>Orlando, FL 32896-5005 |
| Syncb/walmar<br>PO Box 965024<br>Orlando, FL 32896-5024 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 |
| RAMONA DEL VALLE BURGOS<br>PO BOX 375412<br>CAYEY, PR 00737-5412 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114-0326 | End of Label Matrix<br>Mailable recipients 19<br>Bypassed recipients 0<br>Total 19 |