## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-04647 ESL |
| | * | |
| DEL VALLE BURGOS, RAMONA | * | CHAPTER 13 |
| xxx-xx-0366 | * | |
| | * | |
| DEBTOR | * | |

### NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
### AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **RAMONA DEL VALLE BURGOS,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1.The Debtor is hereby submitting an amended Chapter 13 Plan, dated October 15, 2019, herewith and attached to this motion.

2.The Plan is amended to **modify/change Part 3, Sections 3.2, 3.5; Part 4 Sections 4.4 and 4.6; Part 8 Section 8.4,** in the above captioned case.

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE
**You are notified that within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**Page -2 –**
**Notice of Amended Chapter 13 Plan**
**Case no. 19-04647 ESL13**

      **RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 15th day of October, 2019.

                              */s/Roberto Figueroa Carrasquillo*
                              USDC #203614
                              **RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
                              ATTORNEY FOR the DEBTOR
                              PO BOX 186 CAGUAS PR 00726
                              TEL NO 787-744-7699 FAX 787-746-5294
                              Email: rfc@rfigueroalaw.com

### UNITED STATES BANKRUPTCY COURT
### District of Puerto Rico, San Juan Division

| | |
|---|---|
| In Re<br>**DEL VALLE BURGOS, RAMONA** | Case No: 19-04647 ESL<br><br>Chapter 13 |
| XXX-XX-**0366** | [X] Check if this is a pre-confirmation amended plan. |
| XXX-XX- | [ ] Check if this is a post confirmation amended plan |
| **Puerto Rico Local Form G** | Proposed by:<br>[ ] Debtor(s)<br>[ ] Trustee<br>[ ] Unsecured creditor(s) |
| **Chapter 13 Plan dated** <u>10/15/2019</u> | [X] If this is an amended plan, list below the sections of the plan that have been changed.<br><br>**3.2; 3.5; 4.4; 4.6; 8.4** |

## PART 1 Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim : (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 250.00 | 6 | 1,500.00 | |
| 550.00 | 54 | 29,700.00 | |
| Subtotals | 60 | 31,200.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ]  Debtor(s) will make payments pursuant to a payroll deduction order.
[X]  Debtor(s) will make payments directly to the trustee.
[ ]  Other (specify method of payment): _____

**2.3  Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4  Additional payments:**

*Check one.*
[X]  None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

**3.1  Maintenance of payments and cure of default, if any.**

*Check one.*
[X]  **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[ ]  **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[X]  The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| Firstbank Puerto Rico | 16,338.61 | 2015 Nissan Sentra | 8,259.00 | 0.00 | 8,259.00 | 6.45% | _____ | _____ |
| | | | | | | _ Months | Starting on Plan Month __ | |

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*
   [ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   [X] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

   **Name of creditor**                          **Collateral**

   Cooperativa A/C  La Cidreña                    Shares and Deposits POC 7-1/$1,901.43

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

   [X]  Payments pursuant to 11 USC §1326(a)(1)(C):

*Name of secured creditor*          *$ Amount of APMP*          *Comments*
First Bank Puerto Rico              $125.00
*Insert additional lines as needed.*

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in  § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
   Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

*Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan Page 3*

4.3 **Attorney's fees**

*Check one.*

> **[X]  Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan
> confirmation, according to LBR 2016-1(f).

**OR**

> **[ ]  Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed
> application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | **$ 232.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | **$ 3,768.00** |
| If this is a post-confirmation amended plan, estimated attorney 's fees: | **$ 0.00** |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

> *Check one.*
> **[ ]  None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

> **[X]**  The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**1,544.00**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **Internal Revenue Service** | **1,953.02 (POC #5-1)** |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

> *Check one.*
> **[X]  None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

> *Check one.*
> **[ ]  None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

> **[X]**  The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| **Firstbank Puerto Rico** | **Eastern America Insurance Co.** | **01/01/2022** | **0.00** | **0.00** |
| | | | Disbursed by: **[X]** Trustee **[ ]** Debtor(s) | |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

> Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked,
> the option providing the largest payment will be effective.

> *Check all that apply.*

> **[ ]**  The sum of $ _____.

> **[ ]** _____% of the total amount of these claims, an estimated payment of $ _____.

> **[X]**  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

> **[ ]**  If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1  Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

**[X]**  Plan confirmation.
**[ ]**  Entry of discharge.
**[ ]**  Other: _____

**7.2  Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1      Check "None" or list the nonstandard plan provisions**

**[ ]  None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**
Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Oriental Bank, secured claim no. 8-1, as to collateral a 2016 Toyota Yaris; this car loan is being paid directly to Oriental Bank by a 3rd party who is in possession and use of this vehicle; the Trustee will make no disbursements to secured creditor Oriental Bank, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

## PART 9: Signature(s)

*/s/Roberto Figueroa Carrasquillo*

Date <u>October 15, 2019</u>

---
Signature of attorney of Debtor(s)
RFIGUEROA CARRASQUILLO LAW OFFICE PSC

---
Date

---
Date
Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

Label Matrix for local noticing
0104-3
Case 19-04647-ESL13
District of Puerto Rico
Old San Juan
Tue Oct 15 10:31:53 AST 2019

ORIENTAL BANK-AUTOS
DE DIEGO LAW OFFICES, PSC
PO BOX 79552
CAROLINA
CAROLINA, PR 00984-9552

Citi
PO Box 6190
Sioux Falls, SD  57117-6190

FIRST BANK
CONSUMER SERVICE CENTER
BANKRUPTCY  DIVISION (CODE 248)
PO BOX 9146, SAN JUAN, PR 00908-0146

ORIENTAL BANK
BANKRUPTCY DEPT
PO BOX 364745
SAN JUAN, PR 00936-4745

REINALDO L. MALDONADO VELEZ
COSVI OFFICE COMPLEX
ESQ. AVE. AMERICO MIRANDA 400
EDIFICIO ORIGINAL LOCAL B
RIO PIEDRAS, PR 00927

Syncb/jcp
PO Box 965007
Orlando, FL  32896-5007

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO Box 9024062
SAN JUAN, PR 00902-4062

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

FIRSTBANK PR
PO BOX  9146
SAN JUAN, PR 00908-0146

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

Citi
PO Box 6217
Sioux Falls, SD  57117-6217

Firstbank Puerto Rico
PO Box 11856
San Juan, PR  00910-3856

Oriental Bank-Autos
PO Box 79552
Carolina, PR 00984-9552

Sears/Cbna
PO Box 6217
Sioux Falls, SD  57117-6217

Syncb/oldnav
PO Box 965005
Orlando, FL  32896-5005

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ORIENTAL BANK CCU
CCU BANKRUPTCY DEPARTMENT
PO BOX 364745
SAN JUAN, PR 00936-4745

Autoridad de Energia Electrica
PO Box 363508
San Juan, PR  00936-3508

Coop A/C La Cidrena
PO Box 1490
Cidra, PR 00739-1490

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

PREPA – BANKRUPTCY OFFICE
PO BOX 364267
SAN JUAN PR 00936-4267

Syncb/ccppby
C/o
PO Box 965036
Orlando, FL  32896-5036

Syncb/walmar
PO Box 965024
Orlando, FL  32896-5024

RAMONA DEL VALLE BURGOS
PO BOX 375412
CAYEY, PR 00737-5412

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24